UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROLAND YARPAH,   )<br>   )<br>    Plaintiff,   )<br>   )<br>    v.   )<br>   )<br>U.S. DEPARTMENT OF HOMELAND   )<br>SECURITY, et al.,   )<br>   )<br>    Defendants.   )<br>   ) | Civil Action No. 25-10587-BEM |

**ORDER**

**MURPHY, J.**

Roland Yarpah initiated this *pro se* action while in custody at the Suffolk County Jail by filing a complaint naming as defendants the United States Department of Homeland Security Citizenship and Immigration Services; Boston Asylum Office; the United States Department of Justice Executive Office of Immigration Review; and the Board of Appeals. Dkt. 1. Attached to the complaint are several documents, including a copy of a 2012 decision by the Board of Immigration Appeals finding that Mr. Yarpah is removable. *Id.* As best can be gleaned from the sparse allegations, Mr. Yarpah seeks a "path to citizenship" and monetary damages for being "put in prison fals[e]ly." *Id.* at 4.

The complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. Section 1915A authorizes federal courts to dismiss a prisoner's complaint if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(a).

In conducting this review, the Court liberally construes the complaint because Mr. Yarpah is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

To the extent Mr. Yarpah seeks to challenge an order of removal, the Court lacks jurisdiction to review that claim. Through the enactment of the REAL ID Act of 2005 ("RIDA"), Pub. L. No. 109-13, Div. B, 119 Stat. 302 (2005), Congress amended the statutes providing for review of removal orders to severely circumscribe this Court's subject matter jurisdiction. *See* 8 U.S.C. §§ 1252(a), (b)(9) and (g). By the plain language of 8 U.S.C. § 1252, only the First Circuit Court of Appeals has jurisdiction to entertain that claim. *Id.*; *see also* 8 U.S.C. § 1252(a)(5).

To the extent Mr. Yarpah seeks monetary damages for false imprisonment, such claim is subject to the favorable termination rule. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court established a favorable termination requirement for civil rights actions that do not "seek damages directly attributable to conviction or confinement but whose successful prosecution would necessarily imply that the plaintiff's criminal conviction was wrongful." *Heck*, 512 U.S. at 486 n.6. In relevant part, the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id.* at 477. Thus, to the extent Mr. Yarpah seeks to assert a constitutional claim, unless he can prove that his conviction or sentence has been reversed, expunged, or declared invalid, such claim is subject to dismissal under *Heck*.

Accordingly, to the extent Mr. Yarpah wishes to proceed with this action, within 21 days of the date of this Order, he shall (1) file an amended complaint that states a plausible claim for relief, and (2) either pay the $405.00 filing fee or file a motion for leave to proceed *in forma*

*pauperis*.  If he is in custody, the motion must be accompanied by a certified copy of his prison account statement.  Failure to timely comply with these directives will result in dismissal of this action.

**So Ordered.**

Dated:  May 12, 2025

/s/ Brian E. Murphy
Brian E. Murphy
Judge, United States District Court